**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Michael Erickson,

      Plaintiff

v.

OpenAI, Inc.,

      Defendant

Case No.: 2:26-cv-00083-JAD-BNW

**Order Granting Motion to Transfer Venue, Granting Motions to Seal, Denying as Moot Motion to Stay, and Closing Case**

[ECF Nos. 6, 8, 9, 10]

Pro se plaintiff Michael Erickson filed this action in state court, alleging that OpenAI, Inc. infringed content that he uploaded into the company's AI bot ChatGPT. OpenAI removed the case to this court and now moves to transfer it to the Northern District of California based on the forum-selection clause in its terms of use. It also moves to seal its motion and Erickson's complaint because Erickson filed his complaint under temporary seal in state court. And it moves to stay this case pending the court's resolution of its transfer motion. Erickson has not responded to any of those motions and the deadline to do so has passed. I grant the motion to transfer, and I grant the motions to seal in the interest of allowing the transferee court to determine whether continued sealing is appropriate. I then deny as moot OpenAI's motion to stay this case.

**Discussion**

OpenAI moves to transfer this case to the Northern District of California.[1] It contends that ChatGPT's terms of use contain a forum-selection clause requiring that "all claims arising out of or relating to these Terms will be brought exclusively in the federal or state courts of San

---

[1] ECF No. 9.

Francisco, California."[2]  Because Erickson alleges that OpenAI breached its own terms of use,[3] OpenAI argues that the forum-selection clause clearly applies.[4]

Erickson did not file any response to OpenAI's motion to transfer.  This district's local rule 7-2(d) provides that failure to respond to a motion "constitutes a consent to the granting of the motion."[5]  Because Erickson's failure to respond indicates consent to transfer, and OpenAI has shown that Erickson's claims arise out of the terms of use and those terms have a forum-selection clause, I grant its motion and transfer this case to the Northern District of California.

OpenAI also moves to seal Erickson's complaint and its motion to change venue because Erickson filed his complaint under temporary seal in state court.[6]  I grant those motions as unopposed and because the documents may contain proprietary information, and with the acknowledgement that the transferee court will be in a better position to determine whether continued sealing is appropriate.  And because this order decides the transfer request, I deny as moot OpenAI's motion to stay this case until its motion to transfer venue is resolved.[7]

**Conclusion**

IT IS THEREFORE ORDERED that OpenAI, Inc.'s motion to transfer this case **[ECF No. 9] is GRANTED**.

IT IS FURTHER ORDERED that OpenAI's motions to seal **[ECF Nos. 6, 8] are GRANTED.**  The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 6-1 and 9.

---

[2] *Id.* at 3.

[3] *See* ECF No. 6-1 (sealed complaint).

[4] ECF No. 9 at 5–6.

[5] L.R. 7-2(d).

[6] ECF Nos. 6, 8.

[7] ECF No. 10.

IT IS FURTHER ORDERED that OpenAI's motion to stay this case **[ECF No. 10] is DENIED as moot.**

**The Clerk of Court is instructed to TRANSFER this case to the United States District Court for the Northern District of California and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 10, 2026

3